# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

UNITED STATES OF AMERICA

CASE NO: 10-20348

v.

DISTRICT JUDGE THOMAS L. LUDINGTON

RUSSELL HESCH,

MAGISTRATE JUDGE CHARLES E. BINDER

    *Defendant.*
_____/

# FINDINGS OF FACT and CONCLUSIONS OF LAW
# ON MOTION TO DETAIN

Defendant Russell Hesch's status at this stage and the standards for decision of this motion are governed by the federal Bail Reform Act, 18 U.S.C. § 3142. Section 3142(j) explicitly states that "nothing in this section shall be construed as modifying or limiting the presumption of innocence." Section 3142(f) governs the conduct of this hearing, stating among other things that the rules of evidence do not apply to this proceeding.

The Government moves for detention and does not advance any of the presumptions in favor of detention. Rather, the Government argues that detention is appropriate due to the nature and seriousness of the charge and because Defendant presents a serious risk of harm to an identified citizen, namely, a United States congressman. The defense opposes the motion, arguing that bond terms can be crafted that will reasonably assure the safety of the community and more importantly of the congressman and his family.

The factors to be weighed are listed in 18 U.S.C. § 3142(g). As to subsection (g)(1), I conclude that the Government is correct that the crime charged does qualify as a crime of violence within the meaning of the Federal Criminal Code. As to subsection (g)(2), I conclude for the

purposes of this hearing, and after review of the affidavit supporting the criminal complaint, that there is some weight of evidence against Defendant.

As to subsection (g)(3), I find that Defendant is 73 years of age, is married and lives in the West Branch area. He entered the United States Army in 1959 after graduating from college as part of the Reserve Officer Training Corps (ROTC). Defendant served in United States Army until 1980 and was honorably discharged with the rank of Lieutenant Colonel. Subsequent to his discharge, Defendant worked for five years as a teacher at Detroit Catholic Central High School. Defendant has a bachelor's degree and two masters degrees. Defendant is active in number of organizations including Veterans of Foreign Wars, and the Knights of Columbus. Defendant presently enjoys overall good health, although he has had heart surgery, leg surgery and hip replacement surgery. Defendant denies the use of alcohol or illegal controlled substances and preliminary urinalysis testing was negative for the presence of any illegal controlled substances. Defendant has no prior criminal history.

The Government argues that Defendant poses a definite risk of harm to the safety of the congressman and his family, emphasizing a series of written statements contained in Government's Exhibit 1. In weighing the merits of that argument, there are a number of matters raised during the hearing which I believe have no bearing on the factors I am required to consider under Section 3142(g). I conclude that questions relating to the issue of abortion are not before me. Nor are the merits of the recently passed health-care legislation. Nor should Defendant's personal opinions and political beliefs as summarized by some of the witnesses bear on the issue of detention. The funds expended by the federal government in efforts aimed at protecting the congressman are listed nowhere among the factors I am to consider under Section 3142(g).

I certainly sympathize with the concerns expressed by the congressman in the Government's

Exhibit 3, as I myself and my family are potential targets of threats. However, those concerns are not explicitly listed as a factor under section 3143(g). This proceeding is not a preliminary examination, nor is it a trial. Therefore, beyond the fact that the crime charged qualifies as a crime of violence, I conclude that the issue of whether the statements expressed in Government Exhibit 1 can be considered generalized anger or a true threat is not before me, as the determination of that issue is properly left to a later stage of this proceeding.

As I weigh the testimony presented, and after review of the exhibits, it is also incumbent upon me to keep in mind the fact that the Bail Reform Act gives me authority that a state judge does not possess in a similar situation. By the same token, the Bail Reform Act accords United States Pretrial Services Officers tools and authority not given by the State of Michigan to similarly situated officers of the Michigan courts. I am troubled by aspects of the Government's Exhibit 1, the nature of the charges against the Defendant and some of the allegations made in the affidavit supporting the criminal complaint. However, I am nonetheless convinced that I can, using the tools available to me under the Bail Reform Act, craft a bond which will reasonably secure the safety of the congressman and his family during the pendency of this case. I have reviewed the recommendations made by Pretrial Services in their report and conclude that they constitute a framework for an appropriate bond. Accordingly the Government's motion to detain will be denied and an unsecured bond will issue.

s/ *Charles E Binder*<br>CHARLES E. BINDER

Dated: June 11, 2010                                             United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, and electronically served on Barbara Tanase and Robert Dunn.

Date: June 11, 2010    By____s/*Jean L. Broucek*_____
                           Case Manager to Magistrate Judge Binder