UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 10-20348-BC
                                           Honorable Thomas L. Ludington

v.

RUSSELL JOSEPH HESCH,

        Defendant.
_____/

**ORDER DIRECTING DEFENDANT TO FILE A RESPONSE TO THE
GOVERNMENT'S MOTION TO STRIKE NOTICE OF "CRIMINAL
RESPONSIBILITY DEFENSE" AND SCHEDULING HEARING**

On June 9, 2010, Defendant Russell Joseph Hesch was indicted by a grand jury on four counts related to a letter received two weeks earlier by then-Congressman Bart Stupak in Menominee, Michigan. The letter, which was mailed from Denver, Colorado and addressed to Representative Stupak and his family at their former home address in Menominee, threatened to "paint the Mackinaw Bridge with the blood of you and your family members." It specifically named Representative Stupak's wife and his sons. It warned that the only way Stupak could avoid harm to his family was to resign and apologize for his recent vote in favor of the healthcare reform act, or "follow[] in the footsteps of your son Bart Jr.," who committed suicide in 2000. According to the indictment, Defendant wrote the threatening letter at his home in Michigan, and e-mailed it to his son in Colorado with instructions to mail it to Representative Stupak. Defendant was charged with one count of conspiring to commit an offense against the United States, 18 U.S.C. § 371, one count of threatening a public official, 18 U.S.C. § 115(a)(1)(B), and two counts of retaliating against a public official by threatening a family member, 18 U.S.C. § 115(a)(1)(A).

On January 4, 2011—the day before the final pretrial conference and plea cutoff date, which had already been adjourned four times, and seven months after the Defendant was indicted—Defendant's counsel communicated to the Court for the first time that Defendant's physicians had detected early signs of dementia. Defendant's attorneys further indicated that as a result of the dementia, they were concerned about Defendant's competence to stand trial and were contemplating raising an insanity defense at trial. The Court adjourned the trial, and referred the matter to Magistrate Judge Charles E. Binder for a competency hearing. Judge Binder determined that Defendant is competent to stand trial on May 10, 2011, and Defendant did not appeal.

Defendant has also filed several notices under Federal Rule of Criminal Procedure 12.2, indicating that he intends to raise his mental condition as a defense at trial. The most recent notice indicates that Defendant "intends to raise the issue of criminal responsibility at trial and intends to introduce expert evidence relating to a mental disease, defect, or any other mental condition of the Defendant bearing on the issue of guilt that arises from the doctors reports and evaluations." [Dkt. # 52]. Defendant also identifies four physicians he intends to call as witnesses. The government has objected to the notice [Dkt. # 54], contending that it does not comply with Rule 12.2 or 18 U.S.C. § 17. Importantly, the insanity defense under federal law is limited. A verdict of not guilty by reason of insanity will only be entered if Defendant can demonstrate by clear and convincing evidence that he was suffering from a "severe mental disease or defect" at the time of the offense which left him "unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17(a); Sixth Circuit Criminal Pattern Jury Instruction 6.04. "Mental disease or defect does not otherwise constitute a defense." 18 U.S.C. § 17.

Defendant's attorneys' representations to the Court and the government with regard to

Defendant's sanity raise important questions that could have serious consequences for Defendant. As a result, it is of critical importance that his attorneys explain the factual and legal basis for the defense and the qualifications of their experts before trial.

Accordingly, it is **ORDERED** that Defendant is directed to furnish, on or before **June 24, 2011 at 4:00 p.m.**, legal authority demonstrating that his Rule 12.2 notice [Dkt. # 52] is sufficient; a proposed jury instruction regarding his insanity defense; an explanation of his expert witnesses' credentials and how he believes their testimony will aid in his defense; and the legal and factual basis for any opposition to the government's request for a forty-five-day custodial examination.

It is further **ORDERED** that a hearing on the government's motion to strike Defendant's criminal responsibility defense will be conducted on **June 27, 2011 at 2:45 p.m.**  The final pretrial conference, plea cutoff date, and trial date will not be adjourned at this time.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: June 21, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 21, 2011.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---