
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 10-20348-BC
                                    Honorable Thomas L. Ludington

v.

RUSSELL JOSEPH HESCH,

        Defendant.
_____/

**ORDER GRANTING GOVERNMENT'S MOTION FOR A *DAUBERT* HEARING, DENYING MOTION TO STRIKE CRIMINAL RESPONSIBILITY DEFENSE AS MOOT, AND SETTING HEARING DATE FOR AUGUST 29, 2011 AT 9:00 A.M.**

On June 9, 2010, a grand jury returned a four-count indictment against Defendant Russell Joseph Hesch, arising from a threatening letter the government contends he wrote and then arranged to have delivered, with assistance, to then-Congressman Bart Stupak. Defendant was charged with one count of conspiring to commit an offense against the United States, 18 U.S.C. § 371, one count of threatening a public official, 18 U.S.C. § 115(a)(1)(B), and two counts of retaliating against a public official by threatening a family member, 18 U.S.C. § 115(a)(1)(A).

As the trial date approached, Defendant's counsel communicated to the Court on January 4, 2011 that Defendant's physicians had detected early signs of dementia. Defendant's attorneys further indicated that as a result of the dementia, they were concerned about Defendant's competence to stand trial and were contemplating raising an insanity defense at trial. The Court adjourned the trial, and referred the matter to Magistrate Judge Charles E. Binder for a competency hearing. Judge Binder determined that Defendant is competent to stand trial on May 10, 2011, and Defendant did not appeal.

Defendant also filed several notices under Federal Rule of Criminal Procedure 12.2, indicating that he intends to raise his mental condition as a defense at trial. The most recent notice, filed on June 24, 2011, indicates that Defendant intends "to raise the insanity and diminished capacity defenses at trial in this case." [Dkt. # 57]. Defendant also identifies four physicians he intends to call as witnesses.

On July 1, 2011, the government filed a motion for a *Daubert* hearing, challenging the admissibility of Plaintiff's expert testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). In particular, the government contends that the opinion of Dr. Gerald Schiener, a licensed psychologist who examined Plaintiff at his request, is not reliable because it is not based on sufficient data and Dr. Schiener has not applied the principles and methods of psychiatry reliably in this case. *See* Fed. R. Evid. 702. After reviewing the government's motion, it appears that an evidentiary hearing will be necessary to inquire into the "facts or data" on which Dr. Schiener based his opinion, whether his opinion is the product of "reliable principles and methods," and whether he has applied those "principles and methods reliably to the facts of the case." *Id.*

Accordingly, it is **ORDERED** that the government's motion for a *Daubert* hearing [Dkt. # 59] is **GRANTED**.

It is further **ORDERED** that the government's motion to strike Defendant's notice of criminal responsibility defense [Dkt. # 54] is **DENIED AS MOOT** because Defendant later filed an amended notice [Dkt. # 57].

It is further **ORDERED** that a hearing to determine whether Dr. Schiener's opinion with regard to Defendant's sanity at the time of the offense is relevant and reliable will be held on **August 29, 2011 at 9:00 a.m.**

<div style="text-align: right;">
s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge
</div>

Dated: July 13, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 13, 2011.

<div style="text-align: right;">
s/Tracy A. Jacobs<br>
TRACY A. JACOBS
</div>

---