UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Case No. 10-20348-BC
                                                Honorable Thomas L. Ludington

v.

RUSSELL JOSEPH HESCH,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE, BARRING THE GOVERNMENT FROM INTRODUCING RULE 404(b) EVIDENCE, GRANTING DEFENDANT'S MOTION TO ADJOURN *DAUBERT* HEARING, AND DIRECTING THE PARTIES TO FILE PRE-HEARING BRIEFS**

On June 9, 2010, Defendant Russell Joseph Hesch was indicted by a grand jury on four counts related to a letter received two weeks earlier by then-Congressman Bart Stupak in Menominee, Michigan. The letter, which was mailed from Denver, Colorado and addressed to Representative Stupak and his family at their former home address in Menominee, threatened to "paint the Mackinaw Bridge with the blood of you and your family members." It specifically named Representative Stupak's wife and his sons. It warned that the only way Stupak could avoid harm to his family was to resign and apologize for his recent vote in favor of the healthcare reform act, or "follow[] in the footsteps of your son Bart Jr.," who committed suicide in 2000. According to the indictment, Defendant wrote the threatening letter at his home in Michigan, and e-mailed it to his son in Colorado with instructions to mail it to Representative Stupak. Defendant was charged with one count of conspiring to commit an offense against the United States, 18 U.S.C. § 371, one count of threatening a public official, 18 U.S.C. § 115(a)(1)(B), and two counts of retaliating against a public official by threatening a family member, 18 U.S.C. § 115(a)(1)(A). A jury trial is scheduled

to begin on September 13, 2011 at 8:30 a.m.

Currently before the Court are two motions filed by the Defendant. In his first motion, Defendant requests that the Court bar the government from introducing evidence of other crimes or wrongs under Federal Rule of Evidence 404(b). Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake . . . ." The government contends that it should be permitted to admit evidence concerning a ten-year-old dispute between Defendant and his neighbor that ultimately led to Defendant's arrest for criminal trespassing. [Dkt. # 62, 66]. The government contends that Defendant's "knowledge and intent" will be an issue at trial, and that certain letters sent and received by Defendant in conjunction with the fence incident, as well as the police report and arrest warrant, are relevant to the question of "knowledge and intent" in this case.[1]

Upon review of the government's proposed evidence, it appears that it may have some limited probative value, demonstrating that Defendant's temper is easily triggered when facing certain conflicts. But the evidence is not admissible for that purpose. The government cannot offer evidence that Defendant, while upset, sent a threatening letter to his neighbor ten years ago to demonstrate that he acted in conformity with that character trait by sending a threatening letter to Bart Stupak. Fed. R. Evid. 404(b). The government contends that the letters and subsequent arrest

---

[1] Defendant also contends that the notice required by Rule 404(b) was not timely filed [Dkt. # 62]. Defendant offers no legal authority to support this argument. Moreover, in light of the Court's decision to exclude the evidence on other grounds, it is unnecessary to consider the timeliness of the notice.

demonstrate "knowledge and intent," but the government has not offered any explanation of how they do so. Accordingly, the evidence is inadmissible because the government has not demonstrated how it is probative of a material issue other than Defendant's character for sending threatening letters when he is angry. *See Huddleston v. United States*, 485 U.S. 681, 686 (1988).

Moreover, even if the government could meet its burden of articulating how the evidence is relevant to a material issue in this case, it would still be excluded because whatever marginal probative value the evidence has is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and considerations of undue delay and waste of time. Fed. R. Evid. 403. The primary issue presented in this case is whether Defendant conspired with one or more persons to send a threatening letter to then-Congressman Bart Stupak. The dispute with his neighbor is, if relevant at all to Defendant's intent, only marginally so. More importantly, it is unfairly prejudicial because it creates the potential for the jury to convict Defendant based on his character for sending threatening letters rather than whether he actually conspired to send a specific letter. It also has the potential to confuse the issues because it will require a limiting instruction, and the jury is likely to wonder why the Court is concerned with a ten-year-old fence dispute in a case about threats sent to a Congressman. Accordingly, Defendant's motion in limine [Dkt. # 63] will be granted.

In his second motion, Defendant requests that the Court adjourn the *Daubert* hearing scheduled for August 29, 2011 at 9:00 a.m. because Defendant's expert, who is the subject of the hearing, is not available that day. Because it is important that Defendant's expert be available for a hearing on whether the testimony he intends to provide at trial is sufficiently relevant and reliable to be admitted, the motion will be granted. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). The hearing will be adjourned four days, to September 2, 2011 at 9:00 a.m.

The trial, however, will begin as scheduled on September 13, 2011 at 8:30 a.m.

In order facilitate prompt resolution of the *Daubert* issues following the September 2, 2011 hearing, the parties will be directed to provide briefs in advance of the hearing. The briefs should explain what is required before an expert can testify as to whether a particular mental disease or defect is "severe" and whether the patient is able to appreciate "the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17. The parties may explain the type of examination that is required, the type of symptoms that are relevant to the questions, and any other information that may be relevant to the question presented at the hearing.

Accordingly, it is **ORDERED** that Defendant's motion in limine to bar the government from introducing Rule 404(b) character evidence [Dkt. # 63] is **GRANTED**.

It is further **ORDERED** that Defendant's motion to adjourn the *Daubert* hearing [Dkt. # 64] is **GRANTED**. The hearing is adjourned to **September 2, 2011 at 9:00 a.m.**

It is further **ORDERED** that the government is directed to provide a pre-hearing brief in accordance with this opinion on or before **August 24, 2011**. Defendant shall file a response on or before **August 31, 2011**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 12, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 12, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---